**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 22 2018 ★

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LONG ISLAND OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JENNIFER BABCOCK, on behalf of herself
and a class of similarly situated individuals,  :

     Plaintiff,  :

vs.  :

MIDDLE COUNTRY COLLECTION
SERVICES, INC., a New York corporation
and THE LEVINBOOK LAW FIRM, P.C., a
New York professional corporation; NEIL S.
LEVINBOOK, an individual,  :

     Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**CV - 18 3626**

**BIANCO, J.**

**TOMLINSON, M.J.**

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Jennifer Babcock brings this action to secure redress from the unlawful credit and collection practices engaged in by Defendants Middle Country Collection Services, Inc., The Levinbook Law Firm, P.C., and Neil S. Levinbook.

2.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. *See*, 15 U.S.C. § 1692e.

4.    The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See Bentley v Great Lakes Collection Bureau*, 6 F.3d 60, 62-63 (2d Cir. 1993).

5.    In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

6.    Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

7.    The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

8.    Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 et seq.

9.    The use of any false, deceptive, or misleading representation or means in connection with the collection of any debt establishes a concrete injury for purposes of Article III standing. *See Bautz v. ARS Nat. Services, Inc.*, 226 F. Supp. 3d 131, 145 (E.D.N.Y. 2016).

## VENUE AND JURISDICTION

10.  This Court has subject matter jurisdiction under 15 U.S.C. § 1692k, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

11.  Venue and personal jurisdiction in the Eastern District of New York are proper because Defendants reside in this judicial district, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

## PARTIES

12.  Plaintiff Jennifer Babcock is a natural person and a resident of Floral Park, New York.

13.  Jennifer Babcock is a consumer as defined by 15 U.S.C. § 1692a(3).

14.  Defendant Middle Country Collection Services, Inc. is a New York corporation whose address is 77 Arkay Drive, Suite C1, Hauppauge, New York 11788.

15.  Middle Country Collection Services, Inc. regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5). Many of the alleged debts are health care debts.

16.  Middle Country Collection Services, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17.  Defendant Levinbook Law Firm, P.C. is a New York professional corporation whose address of record is 77 Arkay Drive, Suite C1, Hauppauge, New York 11788.

18.  Levinbook Law Firm, P.C. regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5), almost exclusively by filing state-law collection actions in New York courts.

19.    Levinbook Law Firm, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6). *See Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

20.    Defendant Neil S. Levinbook is a natural person who resides in Nassau County, New York and may be found at 77 Arkay Drive, Suite C1, Hauppauge, New York 11788. He owns The Levinbook Law Firm, P.C., as well as Middle Country Collection Services, Inc.[1]

21.    Neil S. Levinbook is a debt collector as defined by 15 U.S.C. § 1692a(6). *See Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995).

## FACTUAL ALLEGATIONS

22.    On or about November 29, 2017, the form debt collection letter (the "Letter") attached as **Exhibit A**, bearing the header "**The Levinbook Law Firm, P.C.,**" was mailed to Plaintiff for the purpose of collecting an alleged health care debt, purportedly owed to ENT & Allergy Associates (L).

23.    In addition to identifying the letter as having originated from The Levinbook Law Firm, P.C., the Letter identifies the only two attorneys affiliated with The Levinbook Law Firm, P.C., Neil S. Levinbook and Randi Seidner. On information and belief, Defendants' business records will show that Neil S. Levinbook and Randi Seidner are the only individuals employed by Levinbook Law Firm, P.C. Unlike Neil S. Levinbook, Randi Seidner is believed to be a real estate attorney and licensed realtor whose practice is limited to real estate transactions.

---

[1] Neil S. Levinbook also owns Nationwide Health Solutions, Inc., which, upon information and belief is a medical billing company.

24.    The Letter also states, "At this time, no attorney associated with The Levinbook Law Firm, P.C. has reviewed the particular circumstances relevant to your medical account."

25.    In fact, *no one* from The Levinbook Law Firm, P.C. has reviewed the particular circumstances relevant to the account (if no attorney from the firm reviewed the file, there is no one else to do so).

26.    On December 7, 2017, Plaintiff sent **Exhibit B** to what she believed to be the fax number of The Levinbook Law Firm, P.C., disputing the alleged debt and requesting validation pursuant to 15 U.S.C. § 1692g(b). To date, Plaintiff has not mailed verification of the disputed debt to Plaintiff.

27.    On information and belief, Defendants' business records will show that the Letter was actually generated and mailed by employees of Defendant Middle Country Collection Services, Inc., which, like The Levinbook Law Firm, P.C., is owned by Neil S. Levinbook.

28.    On further information and belief, Defendants' business records will show that the alleged debt was in fact assigned to Middle Country Collection Services, Inc. for collection and not to The Levinbook Law Firm, P.C.

29.    At the instruction of Neil S. Levinbook, Middle Country Collection Services, Inc., rather than sending collection letters in its own name, uses the letterhead of The Levinbook Law Firm, P.C., because it is a well-known fact that "[a]n unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up." *Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86 (E.D.N.Y. 2009).

30.     Therefore, on information and belief, **Exhibit A** was actually sent without any involvement of The Levinbook Law Firm, P.C., Neil S. Levinbook, or any other attorney whatsoever. Instead, it was Middle Country Collection Services, Inc. which was involved in the decision to send and the sending of letters purporting to come from The Levinbook Law Firm, P.C.

31.     On information and belief, it is Neil S. Levinbook's policy and procedure that Middle Country Collection Services, Inc. employees send debt collection letters under the letterhead of The Levinbook Law Firm, P.C.

32.     An attorney cannot simply "lend" his name, letterhead, or form letters to a collection agency without being meaningfully involved in the collection process. *Avila v. Rubin*, 95 F.3d 222, 228 (7th Cir. 1996).

33.     It is only when Neil S. Levinbook's Middle Country Collection Services, Inc. employees fail to collect, despite use of the deceptive law firm letterhead, that Neil S. Levinbook actually involves himself in the collection process.[2]

34.     The Letter also informs Plaintiff that if she chooses to contact The Levinbook Law Firm, P.C. by facsimile that such "transmissions may be viewed by persons other than the intended recipient." The reason persons other than the intended recipient (i.e., The Levinbook Law Firm, P.C.) will view facsimile transmissions is because those transmissions are in fact directed to employees of Middle Country Collection Services, Inc.

35.     This practice is not only false, deceptive and misleading, but negligently exposes consumers' protected health information to undisclosed third parties who may not be

---

[2] During the time frame relevant to this complaint, Levinbook has filed no less than 35 debt collection actions in Nassau and Suffolk counties alone.

legally entitled to view such information.

## COUNT I – FDCPA – CLASS CLAIM

36.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

37.    The sending of letters such as **Exhibit A** violates 15 U.S.C. §§1692e and (with respect to The Levinbook Law Firm, P.C. and Neil S. Levinbook) 1692j.

38.    Section 1692e provides prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

- **§ 1692e(2)(A):** The false representation of the character, amount, or legal status of any debt;

- **§ 1692e(3):** The false representation or implication that any individual is an attorney or that any communication is from an attorney;

- **§ 1692e(10):** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39.    Section 1692j renders it unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

## CLASS ALLEGATIONS

40.    Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ.P. 23(a)

and (b)(3).

41.    The class consists of (a) all natural persons (b) who were sent a letter in the form represented by Exhibit A (c) to collect an alleged debt (d) which letter was sent on or after a date one year prior to the filing of this action, and on or before a date 21 days after the filing of this action.

42.    On information and belief, based on the volume of Defendants' operations and the use of form documents, the class exceeds 40, and is so numerous that joinder of all members is impracticable.

43.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA by:

44.    The false representation of the character, amount, or legal status of any debt;

45.    The false representation or implication that any individual is an attorney or that any communication is from an attorney;

46.    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

47.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

48.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff have retained counsel experienced in consumer credit and debt collection abuse cases.

49.    A class action is superior to other alternative methods of adjudicating this dispute, because: (a) individual cases are not economically feasible; (b) consumers may not

realize that their rights are violated, and; (c) Congress intended class actions as a principal means of enforcing the FDCPA.

**WHEREFORE**, plaintiff request that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

     a.  declaration that defendants' communication violates the FDCPA;

     b.  Statutory damages;

     c.  Attorney's fees, litigation expenses and costs of suit;

     d.  Such other or further relief as the Court deems proper.

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@akleinmanllc.com